UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE RONALD GUZMAN

MAGISTRATE JUDGE MASON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 05 CR 70 |
| | ) | |
| v. | ) | |
| | ) | Violations: Title 18, United States |
| BRODERICK JONES (a/k/a "Dink" and "Thirsty"), | ) | Code, Sections 2 and 924(c)(1)(A); |
| COREY FLAGG (a/k/a "Big Pun"), | ) | and Title 21, United States Code, |
| DAREK HAYNES, | ) | Section 846 |
| EURAL BLACK, | ) | |
| JOSEPH WILSON, | ) | |
| JAMES WALKER (a/k/a "Quik"), | ) | |
| JOEL MONTGOMERY (a/k/a "Joe Joe"), | ) | |
| STANLEY DRIVER, JR., | ) | |
| BRENT TERRY, (a/k/a "B"), and | ) | |
| ERIK JOHNSON | ) | |

DOCKETED **FILED**

JUN 0 3 2005

MAY 2 6 2005

MAY 26, 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**COUNT ONE**

The SPECIAL MAY 2004 GRAND JURY charges:

1.  At times material to this indictment,

    (a)  BRODERICK JONES (a/k/a "Dink" and "Thirsty"), COREY FLAGG (a/k/a "Big Pun"), DAREK HAYNES, EURAL BLACK, and ERIK JOHNSON were Chicago Police Department ("CPD") officers.

    (b)  Officer JONES was stripped of his police powers in August 2003, and during the time period charged in this indictment, JONES was assigned to the CPD's Alternate Response Unit, which is also known as the "callback unit." JONES had previously been assigned to the CPD's 7th and 4th Police Districts. As is typical of officers assigned to the callback unit, JONES was required to turn in his CPD badge in August 2003, and JONES was not permitted to carry his gun. The duties of individuals working in the callback unit primarily involved administrative paperwork, such as making out case reports and accepting phone calls, and generally did not involve field work.

126

(c)     Officer FLAGG was assigned to a gun team in CPD Area Two. FLAGG had previously been assigned as an officer in the CPD's 7th and 4th Districts.

(d)     Officers HAYNES, BLACK, and JOHNSON were assigned as officers in CPD's 7th District. For a period of time, Officers BLACK and JOHNSON were partners.

2.     Beginning in or about 2004 and continuing to in or about March 2005, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRODERICK JONES (a/k/a "Dink" and "Thirsty"),
COREY FLAGG (a/k/a "Big Pun"),
DAREK HAYNES,
EURAL BLACK,
JOSEPH WILSON,
JAMES WALKER (a/k/a "Quik"),
JOEL MONTGOMERY (a/k/a "Joe Joe"),
STANLEY DRIVER, JR.,
BRENT TERRY, (a/k/a "B"), and
ERIK JOHNSON,

defendants herein, conspired with each other, and with others known and unknown to the Grand Jury, knowingly and intentionally to possess with intent to distribute and to distribute controlled substances, namely, 5 kilograms or more of mixtures containing cocaine, a Schedule II Narcotic Controlled Substance, and quantities of marijuana, a Schedule I Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.     It was a part of the conspiracy that JONES, FLAGG, HAYNES, BLACK, WILSON, WALKER, MONTGOMERY, DRIVER, TERRY, and JOHNSON, agreed to obtain, obtained, and attempted to obtain wholesale quantities of cocaine and marijuana through robbery, extortion, and other unlawful means, and agreed to distribute, distributed, and attempted to distribute cocaine and

2

marijuana to other individuals in exchange for cash.

4.      It was further a part of the conspiracy that JONES received information about the activities of various drug dealers from WILSON, WALKER, MONTGOMERY, DRIVER, TERRY, and others. This information was provided to JONES to enable JONES and other CPD officers and individuals to illegally obtain drugs, money, and weapons from those drug dealers, and so that JONES and the other CPD officers and individuals would share with them the proceeds of any drugs, money, and weapons illegally obtained from the drug dealers.

5.      It was further a part of the conspiracy that JONES recruited CPD officers, including FLAGG, HAYNES, BLACK, JOHNSON, and others, to conduct vehicle stops and home invasions of drug dealers in order to illegally obtain drugs, money, and weapons from those individuals.

6.      It was further a part of the conspiracy that JONES, FLAGG, HAYNES, BLACK, and JOHNSON, agreed to conduct vehicle stops and home invasions of drug dealers, and did conduct such activity, not for legitimate law enforcement purposes, but for the purpose of illegally obtaining drugs, money, and weapons from those drug dealers.

7.      It was further a part of the conspiracy that JONES, FLAGG, HAYNES, BLACK, and JOHNSON used their power, authority, official position, and knowledge as law enforcement officers to promote and protect the operation of the conspiracy.

8.      It was further a part of the conspiracy that WILSON, WALKER, MONTGOMERY, DRIVER, and TERRY assisted these CPD officers in illegally obtaining and attempting to illegally obtain drugs, money, and weapons, among other ways, by ordering drugs from the drug dealers, by providing the CPD officers with information about the methods and means used by the drug dealers to store and sell their drugs, and by luring the drug dealers to certain locations where those drug

3

dealers could be stopped by the CPD officers and have their drugs and money taken by the CPD officers.

9. It was further a part of the conspiracy that after illegally obtaining drugs from drug dealers, JONES delivered and caused these drugs to be delivered to another individual or individuals in exchange for cash, which JONES shared with his coconspirators.

10. It was further a part of the conspiracy that in the summer of 2004, certain defendants including JOHNSON, illegally obtained approximately one kilogram of cocaine from a drug dealer near 92nd Street and Indiana Avenue in Chicago. This cocaine was delivered to another individual or individuals in exchange for cash, a portion of which JOHNSON later received.

11. It was further a part of the conspiracy that on or about July 21, 2004, certain defendants, including JONES, FLAGG, HAYNES, BLACK, and WILSON, attempted to illegally obtain multiple kilograms of cocaine from at least two drug dealers near a car wash located in the 8500 block of South Ashland Avenue in Chicago.

12. It was further a part of the conspiracy that on or about August 16, 2004, JONES, FLAGG, WILSON, and DRIVER illegally obtained a quantity of marijuana from a drug dealer in an alley behind a car wash located near 83rd Street and Stoney Island Avenue in Chicago. This marijuana was later delivered to another individual or individuals in exchange for cash.

13. It was further a part of the conspiracy that on and around September 4, 2004, certain defendants, including JONES and WALKER, planned and took steps to illegally obtain kilogram quantities of cocaine and cash from a drug dealer located near the 8000 block of South Langley Avenue in Chicago.

14. It was further a part of the conspiracy that on or about September 8, 2004, JONES,

4

FLAGG, HAYNES, and MONTGOMERY attempted to illegally obtain at least three kilograms of cocaine and at least $50,000 from a drug dealer located in the 3400 block of West 83rd Place in Chicago.

15.     It was further a part of the conspiracy that in or about the last week of September 2004, certain defendants including, JONES, MONTGOMERY, and TERRY, did plan to obtain and did illegally obtain approximately ten kilograms of cocaine from a drug dealer near 87th Street and Michigan Avenue in Chicago. JONES and TERRY split the cocaine, each keeping approximately five kilograms of cocaine. JONES and TERRY then delivered and caused the cocaine to be delivered to another individual or individuals in exchange for cash, which JONES shared with another defendant.

16.     It was further a part of the conspiracy that in and around September and October 2004, JONES, FLAGG, WALKER, and others planned and took steps to illegally obtain kilogram quantities of cocaine and guns from drug dealers using and supplying drugs to a house located in the 2600 block of Troy Street in Chicago.

17.     It was further a part of the conspiracy that in and around November 2004, WALKER and another individual each provided JONES with information about drug dealers from whom they could illegally obtain drugs, after which JONES recruited and attempted to recruit FLAGG, HAYNES, BLACK, and others to help illegally obtain drugs from these drug dealers.

18.     It was further a part of the conspiracy that the defendants did communicate with each other and others, in person and over the telephone, regarding their scheme to obtain, divide, and distribute any drugs, money, and weapons illegally obtained from various drug dealers.

19.     It was further a part of the conspiracy that defendants possessed, carried, and

5

brandished firearms, and defendants knew that firearms would be possessed, carried, and brandished, in furtherance of and to facilitate defendants' scheme to illegally obtain drugs, money, and weapons from various drug dealers.

20.     It was further a part of the conspiracy that in order to protect and conceal the nature of the conspiracy, JONES and WALKER had discussions with each other and others in order to determine the nature and extent of any law enforcement investigation against them and their conspirators.

21.     It was further a part of the conspiracy that in order to cover up and conceal the nature and purpose of the conspiracy, JONES directed other members of the conspiracy, including MONTGOMERY and DRIVER, to provide false stories regarding their relationship with JONES. In particular, JONES directed MONTGOMERY and DRIVER to say that they were JONES's legitimate police informants, when in fact, JONES well knew that during the charged conspiracy, MONTGOMERY and DRIVER were not his legitimate police informants, but rather people who provided JONES with information and assistance in order to illegally obtain drugs and money from drug dealers.

22.     It was further part of the conspiracy that the defendant and their conspirators concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the conspiracy, the purpose of the conspiracy, and the acts done in furtherance of the conspiracy, for purposes of avoiding detection by law enforcement authorities and providing security to the members of the conspiracy;

All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

6

## COUNT TWO

The SPECIAL MAY 2004 GRAND JURY further charges:

On or about August 16, 2004, in Chicago, in the Northern District of Illinois, Eastern Division,

BRODERICK JONES (a/k/a "Dink" and "Thirsty"),

defendant herein, knowingly possessed, used, carried, and brandished a firearm in furtherance of and during and in relation to a drug-trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as more fully set forth in Count One of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT THREE

The SPECIAL MAY 2004 GRAND JURY further charges:

On or about August 16, 2004, in Chicago, in the Northern District of Illinois, Eastern

Division,

### COREY FLAGG (a/k/a "Big Pun"),

defendant herein, knowingly possessed, used, carried, and brandished a firearm in furtherance of and

during and in relation to a drug-trafficking crime for which he may be prosecuted in a court of the

United States, namely, conspiracy to possess with intent to distribute and to distribute controlled

substances, in violation of Title 21, United States Code, Section 846, as more fully set forth in Count

One of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT FOUR

The SPECIAL MAY 2004 GRAND JURY further charges:

On or about September 8, 2004, in Chicago, in the Northern District of Illinois, Eastern Division,

### DAREK HAYNES,

defendant herein, knowingly possessed, used, carried, and brandished a firearm in furtherance of and during and in relation to a drug-trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as more fully set forth in Count One of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

9

## COUNT FIVE

The SPECIAL MAY 2004 GRAND JURY further charges:

On or about July 21, 2004, in Chicago, in the Northern District of Illinois, Eastern Division,

EURAL BLACK,

defendant herein, knowingly possessed, used, carried, and brandished a firearm in furtherance of and during and in relation to a drug-trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as more fully set forth in Count One of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT SIX

The SPECIAL MAY 2004 GRAND JURY further charges:

On or about August 16, 2004, in Chicago, in the Northern District of Illinois, Eastern Division,

### JOSEPH WILSON,

defendant herein, knowingly possessed, used, carried, and brandished a firearm in furtherance of and during and in relation to a drug-trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as more fully set forth in Count One of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT SEVEN

The SPECIAL MAY 2004 GRAND JURY further charges:

On or about August 16, 2004, in Chicago, in the Northern District of Illinois, Eastern Division,

### STANLEY DRIVER, JR.,

defendant herein, knowingly possessed, used, carried, and brandished a firearm in furtherance of and during and in relation to a drug-trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as more fully set forth in Count One of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT EIGHT

The SPECIAL MAY 2004 GRAND JURY further charges:

In and around the last week of September 2004, in Chicago, in the Northern District of Illinois, Eastern Division,

BRENT TERRY (a/k/a "B"),

defendant herein, knowingly possessed, used, carried, and brandished a firearm in furtherance of and during and in relation to a drug-trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as more fully set forth in Count One of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT NINE

The SPECIAL MAY 2004 GRAND JURY further charges:

In or about the Summer of 2004, in Chicago, in the Northern District of Illinois, Eastern Division,

### ERIK JOHNSON,

defendant herein, knowingly possessed, used, carried, and brandished a firearm in furtherance of and during and in relation to a drug-trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as more fully set forth in Count One of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## FORFEITURE ALLEGATION

The SPECIAL MAY 2004 GRAND JURY further alleges:

1.    The allegations of Count One of this indictment are re-alleged and fully incorporated herein for the purpose of alleging forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 853.

2.    As a result of the offense charged in Count One of this indictment,

BRODERICK JONES (a/k/a "Dink" and "Thirsty"),
COREY FLAGG (a/k/a "Big Pun"),
JOSEPH WILSON,
STANLEY DRIVER, JR.,
BRENT TERRY, (a/k/a "B"), and
ERIK JOHNSON,

defendants herein, have subjected to forfeiture to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and (2), the following property and interests:

a.    All property constituting or derived from the proceeds the defendants obtained, directly or indirectly, as a result of their violation of Title 21, United States Code, Section 846, as charged in this indictment.

b.    All property used or intended to be used in any manner or part to commit or facilitate the commission of defendants' violation of Title 21, United States Code, Section 846, as charged in this indictment.

3.    The interests of defendants, BRODERICK JONES (a/k/a "Dink" and "Thirsty"), COREY FLAGG (a/k/a "Big Pun"), JOSEPH WILSON,  STANLEY DRIVER, JR., BRENT TERRY, (a/k/a "B"), and ERIK JOHNSON that are subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853, include, but are not limited to, the following:

a.    One 2002 Cadillac Escalade, VIN# 1GYEK63N22R124631, and

b.    $165,000.

4.    If any of the property described as being subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    had been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

FOREPERSON

UNITED STATES ATTORNEY

16

No. 05 CR 70

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

vs.

BRODERICK JONES, et al.

I N D I C T M E N T

Violations:    Title 18, United States
               Code, Sections 2, and
               924(c)(1)(A) and Title 21,
               United States Code, Section
               846

A true bill.

_____
                        Foreman

Filed in open court this ___26th___ day of ___May___, A.D. 20_05_

**MICHAEL W. DOBBINS**

by _Katie Frane_
                        Clerk

Bail. $ _____

PO 880.320