**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-cr-70-1 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| BRODERICK JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Defendant's motion to reduce sentence [681] is denied.

**STATEMENT**

On August 21, 2006, Broderick Jones ("Defendant") pleaded guilty to conspiracy to engage in racketeering activity, conspiracy to distribute controlled substances, and possession of a firearm in furtherance of a drug trafficking crime or crime of violence. (Dkt. # 277.) On January 3, 2008, he was sentenced to 240 months imprisonment for the racketeering and drug trafficking charges and to a consecutive 60 months imprisonment for the firearm charge – a total of 300 months. (Dkt. # 527.) Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. # 681.)

Under 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment after final judgment unless one of two exceptions apply: (1) the Director of the Bureau of Prisons moves for a reduction of sentence or modification is expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (2) the sentence was based on a sentencing range subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). Defendant's motion is

premised on the second exception. Under 28 U.S.C. § 994(o)-(p), the Sentencing Commission is authorized to periodically revise the sentencing guidelines and submit such revisions to Congress for approval. Where it exercises this power to revise the guidelines for a particular class of offense, the Sentencing Commission must specify "in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C.A. § 994(u).

In accordance with this statutory authority, the Sentencing Commission on April 30, 2014 promulgated Amendment 782, which generates a reduction of 2 offense levels for all offenses based on the drug equivalency tables in §2D1.1 and §2D1.11 of the Sentencing Guidelines, effective November 1, 2014. The Commission further specified that the sentence reduction would apply retroactively to defendants previously sentenced for the relevant drug offenses. However, the Commission has made clear that in deciding whether to modify a defendant's sentence, "the court *shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."[1] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(1) (2014) (emphasis added). Therefore, if a defendant's actual sentence was below the lower end of the *amended* guideline range for his offense, he is ineligible for a sentence reduction.

---

[1] Subdivision (1) provides:
> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(1) (2014).

For this reason, Defendant's sentence cannot be reduced despite the 2-level reduction applicable to his conviction. Defendant's total offense level at the time of his sentencing was 43 and his criminal history category was I, yielding a guideline sentence of life imprisonment. (*See* Stmt. Reasons.) The Court sentenced Defendant to a term of imprisonment of 300 months total, far below the life sentence anticipated by the guidelines. After the 2-level reduction, his amended total offense level would now be 41. When combined with his criminal history category of I, an offense level of 41 yields an amended guideline range of 324 to 405 months. U.S. SENTENCING GUIDELINES MANUAL § 5A. Defendant's sentence of 300 months is below the guideline range even after the reduction of Amendment 782 is taken into account, and he is therefore ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## CONCLUSION

For the reasons set forth above, the Defendant's motion for sentence reduction [681] is denied.

**SO ORDERED.**  ENTERED: July 8, 2015

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**